UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 1/6/20

UNITED GUARDIANSHIP SERVICES, as the Successor Guardian of the Personal Needs and Property of Plaintiff MATILDA VINCENTY,

Plaintiff,

v.

JOSEPH LURIO, NANCY TENNEY, THE INSTITUTE FOR FAMILY HEALTH (AMSTERDAM CENTER), ST. LUKE'S-ROOSEVELT HOSPITAL CENTER, CONTINUUM HEALTH PARTNERS, INC., and JOHN OR JANE DOE,

Defendants.

No. 19-CV-7046 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

Since 2015, United Guardianship Services ("UGS") has served as successor guardian for Plaintiff Matilda Vincenty's "personal needs and property." Dkt. 1 at 2. As detailed in the Court's previous orders, neither UGS nor Ms. Vincenty appear to be represented by counsel in this action, as is required. *See James v. New York*, 415 F. App'x 295, 297 (2d Cir. 2011) ("A court may not determine on its merits the claim of an incompetent person who is not properly represented."); *Berrios v. New York City Housing Authority*, 564 F.3d 130, 134 (2d Cir. 2009) ("If the [guardian] of [a] minor or incompetent person is not himself an attorney, he must be represented by an attorney in order to conduct the litigation."); *see also Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) ("[I]t is established that a corporation, which is an artificial entity that can only act through agents, cannot proceed *pro se*.").

The Court has repeatedly instructed UGS that it must obtain legal representation for Ms. Vincenty and has repeatedly requested updates as to UGS's progress in securing such counsel.

First, on July 31, 2019, the Court ordered UGS to inform the Court, by August 23, 2019, "whether [Ms. Vincenty] is currently represented by counsel in his suit, and, if not, whether [her] guardian is currently seeking counsel to represent [her] interests with respect to this case." Dkt. 5. UGS did not do so. Again, on September 20, 2019, the Court ordered UGS to inform the Court, by October 4, 2019, of its "progress in finding representation for [Ms. Vincenty] in this suit." Dkt. 13. Again, UGS did not do so. On October 31, 2019, the Court ordered UGS to inform it, by written letter no later than November 14, 2019, "of its progress in finding legal representation for Ms. Vincenty in this suit." Dkt. 14. Thereafter, the Court received a letter from Joseph Lazar of UGS, dated November 11, 2019, which stated that UGS has been "trying to find counsel willing to represent" Ms. Vincenty in this action since August 8, 2019, but has been "unable to find counsel willing to assume this case." Mr. Lazar explained that United Guardianship does not "have counsel on staff" and that "none of the attorneys that [they] approached[] would take the case," and requested that the Court appoint counsel. On November 21, 2019, the Court denied UGS's request without prejudice because Mr. Lazar had not suggested that UGS and/or Ms. Vincenty is unable to afford counsel in this action. *See* Dkt. 15.

In its November 21st Order, the Court also ordered UGS to inform the Court, by December 23, 2019, "whether it intends to proceed with this action and, if so, [to] update the Court of its progress in obtaining legal representation for Ms. Vincenty." *Id.* Th Court warned UGS that if it fails to obtain counsel in this action, the Court may dismiss the case. *See Berrios*, 564 F.3d at 135 ("[W]here the owner of a claim is [an] incompetent person, . . . unless that claimant is properly represented by a guardian ad litem, . . . and that representative either is, or is represented by, an attorney, the court should not issue a ruling as to whether the complaint states a claim on which relief may be granted."); *id.* ("If counsel is not secured or appointed [for the

guardian], the court may dismiss the complaint."). As of today's date, the Court has not received any response from UGS.

**No later than January 31, 2020, UGS must inform the Court, by written letter filed on ECF, whether it intends to proceed with this action and, if so, update the Court of its progress in obtaining legal representation for Ms. Vincenty. USG is advised that if it fails to comply with this Order, the Court will dismiss this action as a sanction pursuant to Federal Rule of Civil Procedure 37(b) and for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).**

The Clerk of Court is directed to mail a copy of this Order to United Guardianship Services.

SO ORDERED.

Dated: January 6, 2020
New York, New York

Ronnie Abrams
United States District Judge

3